IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDERICK L. BRITTAIN,

        Plaintiff,　　　　　　　　　　　　Civil Action No.:

vs.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,　　　　　　[JURY TRIAL DEMANDED]
AFL-CIO,

        Defendant.
_____/

## COMPLAINT

Plaintiff, FREDERICK L. BRITTAIN, sues Defendant, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, ALF-CIO ("AFGE") and states as follows:

### I. NATURE OF THE CASE

1. At the time of the events alleged in this complaint and for which Plaintiff has sued Defendant, he was a member in good standing and the elected President of AFGE Local 1976. He was also the duly elected delegate to the then upcoming AFGE's National Convention. Plaintiff brings this Complaint for violations of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §411 because he was removed and suspended as a member, and from his elected position as President of Local 1976. He was improperly expelled from "AFGE" National Convention. Plaintiff claims he was improperly charged with violations for exercising rights otherwise guaranteed to him and removed and suspended from office through a trial directed by Defendant, AFGE, through its officers and authorized agents, including J. David Cox, National President of

AFGE, which denied him a full and fair hearing in violation of the due process requirements afforded him under 29 U.S.C. §§411(a)(5).

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction of the subject matter of this action pursuant to §101(a)(1) and (2) and §102 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§411 and 412 in that Plaintiff claims that rights secured to him by Title 29, Chapter 11, Subchapter II have been infringed by defendant and because at all times material hereto Plaintiff was a member of AFGE in good standing.

3. Additionally, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the subject matter of this action arises under the laws of the United States, namely the Labor Management Reporting and Disclosure Act 29 U.S.C. §401 et. seq.

4. This Court may exercise supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 29 U.S.C. §412 because the violations alleged herein occurred in this district.

## II. THE PARTIES

6. Plaintiff, Frederick Brittain, an individual, is a resident and citizen of Columbia County, Florida.

7. At all times material hereto, Plaintiff, Brittain was a member in good standing of Defendants, AFGE and Local 1976 and was President of Defendant, Local 1976.

8. Defendant, AFGE is a labor organization as that term is defined in §2(5) of the LMRDA, 29 U.S.C. §152(5), in that it is a union, serving both federal and private sector employees.

9. That at all time material hereto, Defendant, AFGE was acting by and through its duly authorized representatives and officers, including J. David Cox, (hereinafter sometimes referred to as "Cox") who was at all times material hereto, acting as National President of Defendant, AFGE.

### III. FACTS COMMON TO ALL COUNTS

10. Plaintiff was the president of Defendant, Local 1976 from on or about 2000 until his suspension from the office of president by J. David Cox, National President of Defendant, AFGE, on or about July 28, 2016, for his alleged misconduct.

11. All events and conduct complained of herein by Plaintiff against Defendant occurred in Columbia County, Florida.

12. The letter of suspension of Plaintiff, authored by Cox, advised him that he was being suspended as President of AFGE Local 1976 for alleged improper interactions with a fellow member of AFGE, Muriel Newman, which interactions were alleged to have been a conflict of interest with Plaintiff's duties as President of Defendant, Local 1976.

13. The interaction with Muriel Newman emanated a year earlier when Plaintiff represented a fellow member of AFGE, Glenda Skinner, who was a member of a different AFGE Local 2779.

14. Glenda Skinner was involved in an unrelated employment matter of her own that involved Muriel Newman, her supervisor in her local union chapter, Local 2779.

15. When Ms. Skinner filed an Equal Employment Opportunity complaint alleging a hostile work environment against Muriel Newman, she requested that Plaintiff act as her personal representative in connection with her complaint, and Plaintiff agreed to and did act as Skinner's representative.

3

16. Upon learning of the Plaintiff's representation of Ms. Skinner in connection with her EEO Complaint, Plaintiff received communications from Ms. Newman criticizing and condemning his conduct and representation of Ms. Skinner and threatening that he would be removed as President of Local 1976.

17. In response to this threatening communication from Ms. Newman, Plaintiff filed a General Conduct Charge against Newman, not in his position as a President of a Local AFGE chapter, but as a federal employee. The complaint was filed with Denis L. Levasseur, and Thomas Wismnieski, the EEO officer at the North Florida/South Georgia Veterans Healthcare System and the Director.

18. Shortly after Plaintiff filed his complaint against Muriel Newman, and because he filed his complaint against Muriel Newman, he was suspended from his position as President of Local 1976, a position he had held for 16 years.

19. This suspension was communicated to him in a letter from AFGE National President, J. David Cox, dated July 22, 2016.

20. Thereafter, Plaintiff requested a conflict resolution in a letter to Cox which was denied by Cox in his response dated September 21, 2016.

21. This September 21, 2016 response from Cox also suspended Plaintiff as a delegate to the National VA Council Convention, a position he was elected to by his chapter's members. This suspension as a delegate was also predicated upon Plaintiff's conflict with Muriel Newman.

22. In December, 2016, Plaintiff was advised for the first time that his trial for the charges resulting in his suspension would be held on January 10, 2017.

23. Plaintiff was denied due process in the trial of the charges against him as otherwise required in violation of 29 U.S.C. §411 by the knowing and intentional conduct of the authorized representatives of Defendant, including Cox, its National President, in that:

    A. On January 10, 2017, Plaintiff was informed of the members of trial committee who would sit in judgment of the charges against him and learned that one of the members was Jeanette McElhaney.

    B. Plaintiff advised the trial committee that Ms. McElhaney had a conflict of interest with Plaintiff in an unrelated matter because Plaintiff had filed a protest against the election process involving Ms. McElhaney which resulted in a one year delay in her appointment to office.

    C. Plaintiff requested that Ms. McElhaney not be permitted to serve on the trial committee due to her apparent conflict and possible bias toward Plaintiff. This request was denied.

    D. In addition, Plaintiff was advised on January 10, 2017, at the hearing, that he would not be permitted to call or examine several witnesses, including Ms. Skinner, a primary witness in his defense.

    E. Plaintiff was also denied the right to introduce relevant documents material to his defense.

25. That on or about February 25, 2017, Plaintiff received the findings and decision from the trial committee. The trial committee findings were as follows:

    A. That Plaintiff violated Article XXIII of the AGFE National Constitution, by representative a supervisor as personal representative in an EEO case which caused a conflict of interest with his duties as local President because Skinner's

      complaint stemmed from an interaction with President Muriel Newman of Local 2779;

B. That Plaintiff lodged accusations against a bargaining unit employee with management;

C. That Plaintiff accepted dues from Skinner, an employee that fall under the jurisdiction of Local 2779;

D. That Plaintiff under Article XXIII, violated section 2(d) by making known the business of any affiliate of the Federation to management officials of any agency or other persons not entitled to such knowledge;

E. That Plaintiff also violated section 2(e) of that article by engaging in conduct unbecoming a union member;

F. That Plaintiff also violated section 2(f) by engaging in gross neglect of duty or conduct constituting misfeasance or malfeasance in office as an officer or representative of a local and;

G. That Plaintiff violated section 2(g) being incompetent, negligent, or insubordinate in the performance of his official duties by officers or representatives of a local.

26. As punishment and sanctions for Plaintiff's alleged conduct the Committee ruled that Plaintiff be removed from office for 3.5 years, that he be precluded from being appointed to any position or office within AFGE for 3.5 years, that he be precluded from running for any office or position or being a delegate with AFGE for 3.5 years, and that he be precluded from membership within the AFGE for 3.5 years.

27. That on or about March 17, 2017 Plaintiff filed his appeal of the trial committee's decision in accordance with the rules set forth in the AFGE hearing manual which appeal returned a decision on or about May 9, 2018.

28. That on June 12, 2018, Plaintiff timely filed an appeal of the May 9, 2018 decision.

29. On September 11, 2018, the AFGE president issued a final decision that no procedural errors occurred and that the decision rendered by the ad hoc committee would stand.

30. Plaintiff has exhausted any and all reasonable internal hearing procedures mandated by the labor organization's governing rules and satisfied all conditions precedent prior to bringing this action.

## COUNT 1
## DENIAL OF DUE PROCESS IN VIOLATION OF 29 U.S.C. §411

31. Plaintiff re-alleges the allegations in paragraphs 1-30 above as if fully set forth herein.

32. Plaintiff was not given adequate notice of his January 10, 2017 trial or the charges he faced in connection with the charges placed against him by J. David Cox, and the Defendant, AFGE.

33. Plaintiff was forced to proceed to trial notwithstanding the trial committee knowing that one of its members, Jeanette McElhaney, had a conflict of interest with the Plaintiff and was a biased committee member.

34. Plaintiff was further denied the ability to call certain necessary and material witnesses and present certain documentary evidence on his behalf necessary to his defense.

35. Plaintiff's primary witness, Glenda Skinner, whose testimony provided the basis for most of his documentary evidence, was prevented from testifying, by intimidation and threats of an Unfair Labor Practice charge.

36. Plaintiff was not able to present Mary Devlin, who would have testified that Muriel Newman had a personal vendetta against Plaintiff as motive to do whatever she could to have him removed.

37. Furthermore, Plaintiff was prohibited from introducing the Veterans Administration police report documenting the incident from which the EEO complaint stemmed.

38. Plaintiff was also prevented from cross-examining one or more of the Defendant's witnesses, namely J. David Cox.

39. Plaintiff was further prohibited from introducing witness statements that were directly related to the filing of the EEO complaint by Skinner.

40. This failure to allow Plaintiff to present relevant evidence, especially testimonial and documentary evidence critical to answering the charges against him, and to cross examine witnesses, was a failure to afford him a full and fair hearing, and a violation of Plaintiff's due process rights.

41. As a result of the conduct of Defendant, by and through its authorized representatives, Plaintiff was suspended, expelled or otherwise disciplined in violation of 29 U.S.C. §411(5) in that Plaintiff was not served with specific charges, was not given a reasonable time to prepare his defense and was not afforded a full and fair hearing.

42. The Defendant, AFGE's actions in suspending Plaintiff and prohibiting him from seeking office for a period of time in the future affected Plaintiff's rights and entitlements as a member of the AFGE entitling him to challenge the fairness of the procedures, resulting in his political exile pursuant to 29 U.S.C. §411.

43. In addition, the procedures employed by the Defendant against Plaintiff in the conduct of his trial were unlawful and contrary to Defendant's requirements and procedures as more fully set forth below.

44. When the charges were proffered against Plaintiff as President of Local 1976, the trial was not conducted either (a) by all of the eligible members of the local's Executive Board or (b) by a trial committee elected by the membership and composed of not less than three nor more than seven members of the local.

45. The trial committee was not elected by the membership of the local at their next regular meeting.

46. Instead, the trial committee was appointed by then National President, J. David Cox.

47. Cox's appointment of the trial committee was a direct violation of AFGE's constitutional process.

48. Not only did President Cox select the members of the trial committee in violation of AFGE's constitution, he also placed McElhaney on the trial committee, with whom Plaintiff had an obvious conflict of interest, considering his prior filing of an election protest against that member.

49. As a result of the improper conduct of Defendant, AFGE, Plaintiff suffered damages which are of a continuing nature.

50. As the result of Defendant's conduct Plaintiff was obligated to retain the services of the undersigned attorney and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands judgment against Defendant for damages as well as an award of attorney's fees and costs of this action plus any other relief deemed appropriate by this Court.

## COUNT 2
## UNLAWFUL DISCIPLINE FOR EXERCISE OF RIGHTS
## IN VIOLATION OF 29 U.S.C. §529

51. Plaintiff re-alleges the allegations in paragraphs 1-30 above as if fully set forth herein.

52. The disciplinary actions taken against Plaintiff, by the Defendant violated 29 U.S.C. §529, which prohibits AFGE from suspending, expelling or otherwise disciplining Plaintiff for exercising his right to which he is otherwise entitled under the provisions of the LMRDA.

53. Further, the action of Defendant in disciplining Plaintiff for the exercise of his rights he was otherwise entitled to was in violation of 29 U.S.C. §411(4), which provides in pertinent part that "No labor organization shall limit the right… of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding…"

54. Furthermore, Defendant's conduct in disciplining Plaintiff for acting as the representative of Glenda Skinner in her action was in violation of 29 U.S.C. 401, (a), which provides that "The Congress finds that, in the public interest, it continues to be the responsibility of the Federal Government to protect employees' rights to organize, choose their own representatives, bargain collectively, and otherwise engage in concerted activities for their mutual aid or protection."

55. Plaintiff was entitled to elect to act as the representative of Glenda Skinner in her employment matters, especially since such representation was not related to nor undertaken by Plaintiff in his position as President of Local 1976.

56. It was unlawful for the Defendant, AFGE, through its trial committee and officers involved in Plaintiff's removal, to suspend and subsequently discipline and remove

Plaintiff, who at all times was a member in good standing of the AFGE, for exercising his right to act as the representative of Glenda Skinner as set forth herein.

57. As the result of Defendant's conduct Plaintiff was obligated to retain the services of the undersigned attorney and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands judgment against Defendant for damages as well as an award of attorney's fees and costs of this action plus any other relief deemed appropriate by this Court.

### COUNT 3
### BREACH OF CONTRACT

58. Plaintiff re-alleges the allegations in paragraphs 1-12 above as if fully set forth herein.

59. That in violation of the AFGE's Master Agreement, Defendant, AFGE continued to deduct membership dues in the amount of $14.83 bi-weekly for several months after his removal.

60. AFGE's actions constitute a breach of the Master Agreement pursuant to Article 45. (See the master Agreement, in pertinent part, attached hereto as Exhibit "A").

61. That the Defendant breached its Master Agreement with Mr. Brittain when it continued to charge him membership fees after removing him as a member of the AFGE.

62. As the result of Defendant's conduct Plaintiff was obligated to retain the services of the undersigned attorney and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands judgment against Defendant for damages as well as an award of attorney's fees and costs of this action plus any other relief deemed appropriate by this Court.

## COUNT 4
## INJUNCTIVE RELIEF

63. Plaintiff re-alleges the allegations in paragraphs 1-30 above as if fully set forth herein.

64. That if Plaintiff is not placed into the position as President of Local 1976, which he had previously enjoyed, he will suffer irreparable harm.

65. That Plaintiff has no adequate remedy at law that will place him in the position desired.

66. That Plaintiff has a substantial likelihood of success on the merits.

67. As the result of Defendant's conduct Plaintiff was obligated to retain the services of the undersigned attorney and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands that he be reinstated as President of AFGE Local 1976, judgment against Defendant for damages as well as an award of attorney's fees and costs of this action plus any other relief deemed appropriate by this Court.

Respectfully submitted on this 31st day of January, 2020.

/s/ Iyada Jackson
Iyada Jackson, Esquire
Jackson Legal Services, LLC.
234 N. Westmonte Drive #1020
P.O. Box 161574
Altamonte Springs, FL. 32716
Telephone: (407) 951-8924
Facsimile: (877) 612-8969
Fla. Bar # 0074168
Attorney for the Plaintiff